IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARCELLA M. LLOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2118-CM |
| RON MILLER, Kansas City, Kansas Chief of ) | |
| Police, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court is defendant Ron Miller's Motion to Dismiss (Doc. 20).

**I.   Background**

Plaintiff filed her complaint on March 24, 2004 naming defendants "Ron Miller, Kansas City, Kansas Chief of Police, and Rosalyn James-Wilson, Administrator of Children and Family Services." Although much of plaintiff's claim is unclear, plaintiff seems to be alleging that the defendants erroneously took two of her children in violation of her constitutional rights. Plaintiff later dismissed defendant James-Wilson from the case.

On October 12, 2004, defendant Miller filed a Motion to Dismiss (Doc. 20), to which plaintiff failed to respond. On June 29, 2005, this court issued a Show Cause Order (Doc. 35) directing plaintiff to show cause, in writing, on or before July 11, 2005, why defendant Miller's Motion to Dismiss should not be granted. Additionally, the court's Order stated: "**Should plaintiff fail to timely show cause and file a response, defendant's motions (Doc. 20) will be considered, decided as uncontested, and granted**

**without further notice pursuant to D. Kan. Rule 7.4.**" Plaintiff failed to respond to the court's Show Cause Order. As a result, the court will analyze defendant Miller's Motion to Dismiss as uncontested.

## II.     Legal Standards

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

Plaintiff filed her complaint pro se. Therefore, the court acknowledges that a pro se litigant's pleadings are to be construed liberally and are held to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court may not, however, assume the role of advocate for the pro se litigant. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999). Moreover, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Additionally, because plaintiff failed to respond to defendant Miller's Motion to Dismiss or the court's Show Cause Order, the court will accept defendant Miller's facts as uncontroverted, as well as analyze defendant Miller's motion as uncontested.

## III.   Discussion

The court is unable to discern much of plaintiff's claim.  Although it is not the role of either the court or the defendant to sort through a poorly drafted complaint in order to construct a cause of action, s*ee Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371-72 (10th Cir. 1989), because plaintiff is pro se, the court will interpret plaintiff's complaint to allege that her children were erroneously taken from her custody in violation of 42 U.S.C. § 1983.

For the following reasons, the court finds that plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### A.   Statute of Limitations

The statute of limitations has run on plaintiff's claim.  Plaintiff's complaint alleges that plaintiff's children were taken from her on March 9, 1989, and plaintiff's complaint was filed on March 24, 2004.  Civil rights claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations.  *See Garcia v. Wilson*, 731 F.2d 640, 642 (10th Cir. 1984) (applying state statute of limitations to 42 U.S.C. § 1983 claims); Kan. Stat. Ann. § 60-513(a)(4).  Plaintiff's claim was filed more than fifteen years after her potential cause of action arose and therefore is barred by the statute of limitations.

### B.   Failure to State a Claim

Accepting as true all well-pleaded facts and all reasonable inferences from those facts in favor of the plaintiff, the court finds that plaintiff's complaint also fails to state a claim upon which relief can be

-3-

granted pursuant to Fed. R. Civ. P. 12(b)(6). To prevail on a claim under 42 U.S.C. § 1983, "[t]he plaintiff must show the defendant personally participated in the alleged violation and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citing *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981)) (internal citations omitted). Furthermore, "it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" *Id.* at 994-95 (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989))). Thus, "[a] plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Id.* at 995 (citing *Woodward*, 977 F.2d at 1400 (citing *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990))).

Plaintiff's complaint, however, failed to make any factual allegations connecting defendant Miller to plaintiff's claim. Specifically, plaintiff failed to assert that defendant Miller was at the scene when plaintiff's children were taken from her or that defendant Miller intentionally directed his subordinates to violate plaintiff's constitutional rights or acquiesced in the continuance thereof. In fact, plaintiff failed to name defendant Miller anywhere in her statement of facts supporting her claim. Accordingly, even construing the facts in plaintiff's favor, the court finds that plaintiff can prove no set of facts in support of her theory of recovery that would entitle her to relief. *See Conley*, 355 U.S. at 45-47; *Maher*, 144 F.3d at 1304.[1]

---

[1] Defendant Miller also asserted that, as a state actor, he is shielded from plaintiff's claim by qualified immunity. Given the strength of defendant Miller's other arguments for dismissal of plaintiff's claim against him, however, the court declines to reach the issue of qualified immunity.

**IT IS THEREFORE ORDERED** that defendant Ron Miller's Motion to Dismiss (Doc. 20) is granted.

Dated this 19th day of July 2005, at Kansas City, Kansas.

 s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**